Eureka Fire Brick Works v. Commissioner.
Eureka Fire Brick Works v. Commissioner
Docket No. 7641.
United States Tax Court
1946 Tax Ct. Memo LEXIS 25; 5 T.C.M. (CCH) 998; T.C.M. (RIA) 46275; November 29, 1946
Horace S. Robeson, Esq., for the petitioner. Stanley L. Drexler, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves deficiencies in income tax of $1,844.58 and excess-profits tax in the amount of $719.97 for the year 1940. The only issue submitted is whether the respondent, having adjusted petitioner's inventory of finshed goods at December 31, 1940, erred in not making a corresponding adjustment to the opening inventory of finished goods at January 1, 1940. Certain facts were stipulated and are so found. Additional facts are found from the evidence. Findings of Fact Petitioner is a New Jersey corporation having its principal place of business at Mt. Braddock, Pennsylvania. It is now primarily engaged in manufacturing *26 refractory brick for use in the steel industry. It produces some five or six hundred types of brick. Petitioner filed its income, declared value excess-profits, and defense tax return for the taxable year 1940 with the collector of internal revenue for the 23rd Pennsylvania District at Pittsburgh, Pennsylvania. For the years 1920 to 1941, inclusive, petitioner valued its inventory of finished goods at a varying fixed price per 1,000 nine-inch brick equivalent. It used the same inventory reported on its tax returns in its financial statements furnished to its stockholders and to the public. In determining a deficiency for the year 1940, the respondent adjusted petitioner's inventory of finished goods at December 31, 1940 from $16,735.20 to $25,410.62. He made no change in the inventory of $27,106.59, at January 1, 1940, reported by petitioner. Petitioner's closing inventory at December 31, 1939, as reported on its return for that year, was in the same amount as its January 1, 1940 inventory. The number of units of finished goods, known as nine-inch brick equivalent, included in petitioner's inventory at December 31, 1940 was 522,975. The cost or market value of the items included *27 in said inventory at December 31, 1940 was $48.5886 per 1,000 units of bricks, or $25,410.62. The number of units of finshed goods, known as nine-inch brick equivalent, included in petitioner's inventory at January 1, 1940 was 544,638. The cost or market determined in the same manner as the closing inventory was $49.087 per 1,000 units of brick, or $26,734.65. Opinion The contested issue presents an accounting problem. Petitioner is a manufacturing concern and the use of an inventory is necessary to clearly determine its yearly income. [1] Petitioner over the years has valued its finished goods inventory by a varying fixed price per thousand unit. Petitioner contends its fixed price method of valuing its inventory accords with good accounting practice in the refractory brick industry and correctly reflects its income. We need not discuss the merits of this contention for petitioner has stipulated that the value of its inventory as of December 31, 1940, based on the lower of cost or market, was $25,410.62, as determined by the respondent in his deficiency notice. Hence we pass to petitioner's alternative contention, that the respondent in adjusting the closing inventory should have *28 correspondingly adjusted petitioner's opening inventory. Respondent concedes some distortion of income results from his failure to adjust petitioner's opening inventory. He argues that the adjustment of the petitioner's closing inventory for the prior year, 1939, is barred by the statute of limitations. He contends, moreover, that petitioner has failed to establish the cost or market of its opening inventory for 1940. The validity of neither contention is material here. The petitioner's opening inventory as of January 1, 1940 was shown on its return at $27,106.59. If the respondent had adjusted the opening inventory on a comparable basis to the closing inventory, petitioner's opening inventory would have been reduced by $371.94, and its income for the year correspondingly increased ($27,106.59 minus $26,734.65). Thus although petitioner's argument may be sound, no benefit results to it under the existing facts. And, since respondent has not requested any increased deficiency, Decision will be entered for the respondent. Footnotes
1. I.R.C., sec. 22 (c)↩. Regs. 103, sec. 19.22 (c)-1-7.